**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Felipe PEREZ–MENDEZ, Defendant— Appellant.**

**No. 11–50024.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 4, 2012.

Victor Pablo White, Bruce R. Castetter, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Fay Arfa, Esquire, Fay Arfa, A Law Corporation, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM **

Felipe Perez–Mendez appeals from a condition of supervised release imposed

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a). We dismiss the appeal in light of the valid appeal waiver.

A defendant's waiver of the right to appeal his sentence will not apply if, among other exceptions not relevant here, the sentence violates the Constitution. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir.2007). Perez–Mendez contends that the condition of his supervised release requiring him to submit to DNA collection violates the Fourth Amendment. However, this contention is foreclosed by *United States v. Hugs*, 384 F.3d 762, 769 (9th Cir.2004) ("A condition of supervised release requiring a qualified felon to provide a DNA sample pursuant to the procedures set forth in the DNA Act, 42 U.S.C. § 14135a, does not violate the Fourth Amendment."). Perez–Mendez's contention that the appeal waiver is inapplicable under *United States v. Montilla*, 870 F.2d 549 (9th Cir.1989) is also unavailing.

We therefore dismiss Perez–Mendez's appeal.

**DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.